IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORH CAROLINA
CHARLOTTE DIVISION
3:16CV419

| | | |
|---|---|---|
| DON HENDERSON and wife, ROSINA HENDERSON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | ORDER |
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) ) | |

This matter is before the Court upon the Plaintiffs' Motion to Remand to State Court. The Defendant filed a memorandum in opposition, but Plaintiffs did not file a reply. This matter is now ripe for disposition.

I. FACTUAL BACKGROUND

This case arises out of a flood insurance policy for a storage building owned by Plaintiffs and issued by Defendant Nationwide Mutual Fire Insurance Company ("Nationwide"). The Complaint alleges that in 2010, the Plaintiffs communicated with an agent of the Defendant about the possibility of obtaining flood insurance for the storage building which is located near a small creek in the back of their lot. (Compl. ¶ 2). The Plaintiffs had other coverages with Nationwide on separate policies. (*Id*. at ¶¶ 4, 5). The Plaintiffs wanted coverage for the building because they stored valuable antiques and other items in the shed. (*Id*. at ¶ 6). Prior to the issuance of the insurance policy, an agent of Nationwide came to the Plaintiffs' home and inspected and photographed the storage building. (*Id*. at ¶¶ 7, 8).

Nationwide subsequently issued a flood insurance policy on the building which provided

1

coverage of $30,000 for a premium of $150.00. (*Id*. at ¶ 8). In 2011, Nationwide contacted the Plaintiffs and suggested that they increase their policy limits to $50,000 and pay an additional premium of $61.00 above the premium of $150.00 paid the year before. (*Id*. at ¶ 9). The Plaintiffs accepted the recommendation of the Defendant and paid the increased premium. (*Id*.)

In 2012, Nationwide again approached the Plaintiffs and recommended that their coverage be increased to $75,000 and that the Plaintiffs pay an additional premium over the previous year of $36.00. (*Id*. at ¶ 10). The Plaintiffs accepted the recommendation of the Defendant and paid the increased premium. (*Id*.)

Again in 2013, the Defendant approached the Plaintiffs and recommended that their coverage be increased to $100,000 with an increase in premium to $310.00. (*Id*. at ¶ 11). The Plaintiffs accepted the recommendation of Nationwide and purchased the additional coverage. (*Id.*) In 2015, the Plaintiffs renewed the policy on the building at $100,000 at a slight increase in premium to $312.00. (*Id.* at ¶ 12).

A flood on August 18, 2015 damaged the building and destroyed its contents. (*Id*. at ¶ 15). On October 19, 2015, the Defendant advised the Plaintiffs that there was no coverage for the building under the policy they had sold Plaintiffs and Nationwide offered to return one year of premiums. (*Id*. at ¶¶ 18, 20). Plaintiffs filed the instant Complaint in state court alleging breach of contract and unfair and deceptive trade practices. The breach of contract claim alleges that Nationwide breached the insurance contract by, *inter alia*, "[failing] to pay the flood claim," and "[failing] to act in good faith in denying the claim." (*Id*. at ¶ 22). The unfair and deceptive trade practices claim alleges that Nationwide violated the unfair and deceptive trade practices act by, *inter alia*, "refusing to pay claims." (*Id*. at ¶ 26). Defendants timely removed the case to this

Court alleging federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiffs seek remand.

II. **DISCUSSION**

In order for a defendant to remove a case filed in state court to federal court, there must exist original federal jurisdiction. 28 U.S.C. § 1441(a). Removal jurisdiction is determined on the basis of the state court complaint at the time of removal, and the removing party bears the burden of establishing federal jurisdiction. *Southpointe Villas Homeowners Ass'n, Inc. v. Scottish Ins. Agency, Inc*., 213 F. Supp. 2d 586, 589 (D.S.C. 2002) (citing *Woodward v. Newcourt Comm. Fin. Corp.*, 60 F.Supp.2d 530, 531 (D.S.C. 1999)). This Court must therefore determine, based upon a review of the Complaint, whether, at the time of removal, it had subject-matter jurisdiction. Even when no federal claim appears on the face of the complaint, if a plaintiff has pled state law claims that involve issues either preempted by federal law or that necessarily implicate a substantial question of federal law, federal question jurisdiction exists. *Houck v. State Farm Fire & Cas. Co.*, 194 F. Supp. 2d 452, 455-56 (D.S.C. 2002).

The flood insurance issued by Nationwide is part of the National Flood Insurance Program ("NFIP").[1] The NFIP is a federal program pursuant to which persons can purchase Standard Flood Insurance Policies ("SFIPs"), containing terms mandated by federal regulations, either directly from the Federal Emergency Management Agency ("FEMA") or from private insurance companies (known as "Write Your Own," or "WYO" carriers) that are authorized by

---

[1] Congress enacted the National Flood Insurance Act of 1968 ("NFIA") partly in response to a growing concern that the private insurance industry was unable to offer reasonably priced flood insurance on a national basis. *See* 42 U.S.C. §§ 4001(a), (b); *Van Holt v. Liberty Mut. Fire Ins. Co*., 163 F.3d 161, 165 & n.2 (3d Cir. 1998). The NFIA authorized the federal government to establish the NFIP, a program with "large-scale" federal involvement, to provide affordable, but limited, flood insurance on a national basis and to discourage the construction of new structures in flood prone areas. *See* 42 U.S.C. §§ 4001(b), (e), 4011(a); 1968 U.S. Code Cong. & Admin. News 2873, 2966-67, 2969.

federal regulation to sell SFIPs under their own names.[2] *See* 44 C.F.R. § 62.23. FEMA is "statutorily authorized to provide, by regulation, not only 'for the general terms and conditions of insurability which shall be applicable to properties eligible for flood insurance coverage' under the NFIP, but also for the general method or methods by which proved and approved claims for losses under such policies may be adjusted and paid." *Battle v. Seibels Bruce Ins. Co.*, 288 F.3d 596, 599 (4th Cir. 2002) (citing 42 U.S.C. §§ 4013, 4019). The National Flood Insurance Fund was established in the Treasury of the United States to pay NFIP claims and administrative expenses. *See* 42 U.S.C. §§ 4017(a), (d); *Sandia Oil Co. v. Beckton*, 889 F.2d 258, 263 (10th Cir. 1989). The WYO carriers act as "fiscal agents" of the United States because payment of SFIP claims, as well as all costs attendant to the adjustment of said claims, constitutes a direct charge on the United States Treasury. *See* 42 U.S.C. § 4071(a)(1).

Defendant contends that Plaintiffs' Complaint involves a claims handling dispute under a federal flood policy and is thus properly before this Court on the basis of federal question jurisdiction. The Plaintiffs argue that this case is not about wrongful denial of coverage. They concede that the storage building was not covered under the policy. Instead, Plaintiffs argue that this is a claim about misrepresentation in the *procurement* of an insurance policy in that Nationwide sold them a flood insurance policy when it knew or should have known that the structure at issue was not eligible for coverage under the SFIP because it was not permanently anchored to the ground.[3]

---

[2] By FEMA regulation, all policies issued under the NFIP must be issued using the terms and conditions of the SFIP found in 44 C.F.R. Part 61 Appendix A(1)-(6); 44 C.F.R. §§ 61.4(b), 61.13(d), (e), 62.23(c). The WYO companies are not authorized to vary or waive any of the SFIP terms and conditions without the express written consent of FEMA. 44 C.F.R. §§ 61.4(b); 61.13(d), (e); 62.23(c), (d).

[3] Apparently the storage building was resting on concrete blocks.

Courts have distinguished between claims involving claims handling, which are preempted by federal law, and claims arising out of policy procurement. *See Houck*, 194 F. Supp. 2d at 460-62. In *Houck*, the insureds brought a class action in state court alleging that the insured had "improperly steered them to purchase flood insurance coverage which was more expensive and in excess of their discernible needs." *Id*. at 454. The case was removed by the insurer who alleged federal question jurisdiction pursuant to the National Flood Insurance Act. In allowing the remand back to state court, the *Houck* court observed that the claims at issue in that case all arose in the policy procurement context and that plaintiffs had no claims regarding the denial of their claim under the policy. *Id*. at 462. Where the court was faced with solely policy procurement claims, substantial federal questions were not present. *Id*. at 469.

While Plaintiffs in their brief contend that this lawsuit is only about policy procurement, not mismanagement of the claims process, the Complaint itself tells a different story. The Court's focus for purposes of determining jurisdiction must be on the Complaint and not factual allegations in the Plaintiffs' Motion. It is clear that a breach of contract claim relating to the SFIP has been alleged in the Complaint and that there are allegations relating to the handling and denial of the claim. A clear reading of the Complaint reveals that there are allegations as to claims handling, claim payment, and claims premiums, all of which implicate federal question jurisdiction. The Complaint as it currently stands alleges more than a simple procurement claim. Accordingly,

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Remand is DENIED.

Signed: September 27, 2016

Graham C. Mullen
United States District Judge